# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-60547
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2024

Lyle W. Cayce
Clerk

Jalal Seid,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A240 884 534

———————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Jalal Seid, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

The BIA's legal conclusions are reviewed *de novo*. *E.g.*, *Cordero-Chavez v. Garland*, 50 F.4th 492, 495 (5th Cir. 2022) (outlining standard). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial-evidence standard. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (outlining standard). "Under this standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Id.* (alteration and emphasis in original) (citation omitted). In reviewing the BIA's decision, we consider the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 815 (5th Cir. 2017).

First, Seid asserts the IJ misapplied the "relocation" analysis. The record shows the BIA did not reversibly err in concluding the IJ did not conduct that analysis, but instead used "relocation" loosely when finding Seid could safely return to his former home in Syria.

Second, regarding Seid's challenging the BIA's finding that he had not shown a well-founded fear of future persecution, he has not shown evidence compelling a contrary conclusion. *See Zhang*, 432 F.3d at 344; *Cabrera v. Sessions*, 890 F.3d 153, 159–60 (5th Cir. 2018) (outlining asylum standard). Neither discrimination nor a general fear of violence show an objectively reasonable fear of future persecution. *E.g.*, *Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020). Additionally, our court has previously denied petitions for review that, like this one, involved a petitioner who asserted fear of returning to an area where his family remained unharmed. *See, e.g.*, *id.* at 407 (rejecting assertion because, *inter alia*, family had not received recent "demands or threats"); *Cruz v. Barr*, 929 F.3d 304, 309–10 (5th Cir. 2019) (rejecting fear-of-future-persecution assertion because "he admitted that his family members who still live in El Salvador have experienced no problems with the Revolutionaries"). He also asserts

his status as a returning refugee will subject him to future persecution. We decline to consider this assertion because it was raised for the first time in his reply brief. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012) ("[Petitioner] waived these arguments by omitting them from his opening brief".).

Third, Seid shows no reversible error in the BIA's rejection of his assertion that the IJ failed to consider his conscription contention because assertions not explicitly mentioned are considered implicitly denied. *See, e.g.*, *Soffar v. Dretke*, 368 F.3d 441, 470 (5th Cir. 2004) ("[T]his Circuit has determined that all claims not disposed of explicitly in a judgment are considered to have been implicitly rejected by the district court".). In any event, he fails to show why his conscription into the military is a protected ground or to provide evidence compelling a conclusion contrary to the BIA's that he failed to show a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (outlining protected groups); *Milat v. Holder*, 755 F.3d 354, 361–62 (5th Cir. 2014) ("[W]e hold that punishment for violation of conscription laws of general applicability does not in itself constitute 'persecution' on account of political opinion".).

Fourth, he fails to acknowledge, or brief, the BIA's conclusion that he forfeited any challenge to the IJ's determination of his CAT claim. Accordingly, he has forfeited any challenge to the BIA's ruling. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (noting that unbriefed issues are forfeited).

Finally, Seid proceeded *pro se* before the IJ. His due-process assertion concerning that proceeding fails because he does not show he suffered any prejudice in connection with the claimed violation of his rights. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (requiring "initial showing

No. 23-60547

of substantial prejudice"); *Vetcher v. Barr*, 953 F.3d 361, 370 (5th Cir. 2020) (same).

    DENIED.